[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13021

Non-Argument Calendar

_____

CLEON BELGRAVE,

Plaintiff-Appellant,

versus

PUBLIX SUPER MARKET, INC.,

Defendant-Appellee,

PUBLIX ATLANTA BAKERY, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-02146-MHC

_____

Before JORDAN, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Cleon Belgrave, proceeding *pro se*, appeals from the district court's order granting summary judgment in favor of his former employer, Publix Supermarkets, Inc. ("Publix"), in his lawsuit alleging violation of his rights under the Americans with Disabilities Act ("ADA"). On appeal, Belgrave argues that: (1) the district court erred when it determined that Publix was entitled to summary judgment based on his failure to exhaust his administrative remedies; and (2) the district court erred when it concluded that, even if the lack of exhaustion was disregarded, Publix was still entitled to summary judgment on his failure-to-accommodate, disability discrimination, and retaliation claims. After careful review we affirm.

I.

We review *de novo* the district court's grant of summary judgment, and, like the district court, we view all evidence and make all reasonable inferences in favor of the nonmoving party. *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*). Summary judgment is appropriate if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.* We

may affirm the district court's judgment "on any ground that finds support in the record." *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) (quotations omitted).

While we "read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation omitted).  A party fails to adequately present an issue on appeal "when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to th[at] claim[]." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotations omitted).

## II.

For starters, we are unpersuaded by Belgrave's argument that the district court erred in granting summary judgment to Publix on his ADA reasonable-accommodation claim.[1]   The ADA

---

[1] Because we conclude that all of Belgrave's claims fail on the merits, and because the parties and the district court addressed the merits, we do not consider whether he adequately exhausted his administrative remedies. *See Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1850–52 (2019) (holding that Title VII's exhaustion requirements are not jurisdictional); *see also* 42 U.S.C. § 12117(a) (incorporating for ADA actions Title VII's "powers, remedies, and procedures"). *Cf. Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) (holding that because the exhaustion requirement under 28 U.S.C. § 2241 "is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question").

provides that an employer shall not discriminate against a qualified employee based on that employee's disability.    42 U.S.C. § 12112(a).  An employer's "failure to make reasonable accommodation for an otherwise qualified disabled employee constitutes discrimination under the ADA." *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1225–26 (11th Cir. 2005) (*citing* 42 U.S.C. § 12112(b)).  To establish a *prima facie* case of discrimination based on an employer's failure to accommodate, an employee may show, in relevant part, that: (1) he has a disability; and (2) he is a "qualified individual." *See id.* at 1226.  The ADA defines a "qualified individual" as someone with a disability who -- either with or without reasonable accommodation -- can perform the essential functions of his desired position.  42 U.S.C. § 12111(8); *Holly v. Clairson Ind., LLC*, 492 F.3d 1247, 1256 (11th Cir. 2007).

An accommodation is reasonable "only if it enables *the employee* to perform the essential functions of the job." *Holly*, 492 F.3d at 1256 (emphasis added).  The burden of identifying a reasonable accommodation, and the "ultimate burden of persuasion with respect to demonstrating that such an accommodation is reasonable," rests with the individual. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997).  Reasonable accommodations may include: "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other

similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(B).

Importantly, however, an employer is not required to re-allocate job duties in order to change the essential function of the job. *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000). Moreover, an employer is not obligated to "bump" another employee from a position to accommodate a disabled employee. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001). In addition, an individual seeking accommodation is not necessarily entitled to the accommodation of his choice, but rather, only a reasonable accommodation. *Stewart*, 117 F.3d at 1286.

Here, we assume *arguendo* that Belgrave properly preserved his arguments concerning his ADA claims in the district court and that he does so again on appeal.[2] Nevertheless, Belgrave's reasonable-accommodation claim fails as a matter of law, since he did not meet his burden of identifying and requesting a reasonable accommodation. As the record reveals, Belgrave's

---

[2] While Belgrave did not file objections to the magistrate judge's R&R, he is proceeding *pro se* and, like the district court, we accept a later filing by him as sufficient to preserve his right to appeal this issue, as well as the others we'll address. *See Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007) (construing a *pro se* filing liberally to hold that the plaintiff had timely objected to the magistrate judge's R&R). *Cf.* 11th Cir. R. 3-1 (explaining that a party who fails to object to the magistrate judge's R&R waives the right to challenge unobjected-to factual and legal conclusions on appeal, but without an objection, we may review an issue on appeal for plain error "if necessary in the interests of justice").

duties at Publix included preparing and mixing pie dough -- which involved operating industrial mixers and manually opening and emptying ingredient containers -- and pushing mixed dough down a production line.  In his request for an accommodation, Belgrave asked for one thing: a proposed "helper" to perform some or all of his job for him -- as he testified, to help him "open the boxes, lift, pull, whatever was needed for me to work, to do my job.  Whatever they asked me to do on a daily basis."

But this request did not amount to an accommodation that allowed Belgrave to work the essential functions of his job by himself.  *See Holly*, 492 F.3d at 1256; *see also Treadwell v. Alexander*, 707 F.2d 473, 478 (11th Cir. 1983) (holding that an accommodation is not reasonable if "it would have been necessary for the [employer] to require other [employees] to perform many of plaintiff's duties").  And, even if Belgrave's request were construed as one to restructure his job, Publix was not obligated to do so, to the extent it would have entailed reallocating job duties or bumping another employee from their position to accommodate Belgrave.  *See Earl*, 207 F.3d at 1365; *Lucas*, 257 F.3d at 1256.[3]  In any event, regardless of whether Belgrave was unable to do his job with or without a

---

[3] As for Belgrave's claim in the district court that he asked Publix to adjust the speed of the pie line equipment, he does not raise this issue in his brief on appeal, and, therefore, has abandoned it.  *See Sapuppo*, 739 F.3d at 681; *Timson*, 518 F.3d at 874; *see also Univ. of Ala. Bd. of Trs. v. New Life Art, Inc.*, 683 F.3d 1266, 1280 n.41 (11th Cir. 2012) (deeming an argument waived that was not made in an appellant's brief, even if it was made in an amicus brief).

reasonable accommodation, he was not a qualified individual, as we'll explain next.

## IV.

We likewise find no merit in Belgrave's argument that the district court erred in granting summary judgment to Publix on his claim of disability discrimination or disparate treatment. Where the plaintiff proffers circumstantial evidence to establish an ADA claim, we apply the burden-shifting framework originally developed for Title VII claims. *Earl*, 207 F.3d at 1365. To establish a *prima facie* case of disability discrimination under the ADA, the employee may show that, at the time of the adverse employment action, he (1) had a disability, (2) was a qualified individual, and (3) was subjected to unlawful discrimination because of his disability. *Batson v. Salvation Army*, 897 F.3d 1320, 1326 (11th Cir. 2018).

Under the ADA, a "disability" includes a physical or mental impairment that substantially limits a major life activity of the individual, a record of such impairment, and acknowledgment of having such an impairment. 42 U.S.C. § 12102(1). The plaintiff must show that the employer treated similarly situated individuals outside his protected class more favorably. *Lewis v. City of Union City*, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (*en banc*) (*Lewis I*).

Under the ADA, it is unlawful for an employer to discriminate against a qualified individual based on a disability regarding the terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a). As we've noted, a "qualified individual" is someone

who can perform the essential functions of the position they hold with or without reasonable accommodation. *Id.* § 12111(8). Thus, an ADA plaintiff must show "either that he can perform the essential functions of his job without accommodation, or, . . . that he can perform the essential functions of his job with a reasonable accommodation." *D'Angelo*, 422 F.3d at 1229 (quotations omitted).

Here, Belgrave's claim of disability discrimination or disparate treatment was without merit because he was not a qualified individual within the meaning of the ADA. As the record shows, there was no issue of material fact concerning whether Belgrave could perform the essential functions of his job. *See* 42 U.S.C. § 12111(8); *Batson*, 897 F.3d at 1326. Specifically, the undisputed evidence in the record indicated that, while Belgrave was disabled, he was completely unable to work, something he testified to in his worker's compensation deposition. And there was nothing to suggest that his abilities at the time of this deposition were any different from his abilities at the time of his accommodation request; rather, at the deposition, he admitted that he was "*still* unable to work." Further, he never disputed Publix's claim that he said he was unable to work in June 2019. To the contrary, his 2019 request for a full-time helper to perform essential aspects of the job demonstrated that he was incapable of carrying out his duties in the dough room at the time of his request.

Therefore, on the undisputed record, when Publix fired Belgrave, he necessarily could not perform the dough room tasks of mixing and moving dough on the pie line. For a disparate

treatment claim, he further had to show that Publix treated him differently from similarly situated employees, but he offered no evidence below to demonstrate differential treatment. *Lewis*, 918 F.3d at 1221. Thus, this claim lacks merit as well.

## V.

Finally, we are unconvinced by Belgrave's argument that the district court erred in granting summary judgment on his retaliation claim. Title I of the ADA prohibits discrimination against an individual on the basis that the individual "opposed any act or practice made unlawful by [the ADA]" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing" conducted under the statute. 42 U.S.C. § 12203(a).

We evaluate retaliation claims brought under the ADA under the same framework as applied to Title VII actions. *Todd v. Fayette Cnty. Sch. Dist.*, 998 F.3d 1203, 1219 (11th Cir. 2021). Thus, when a plaintiff alleges retaliation under the ADA without direct evidence of the employer's retaliatory intent, courts will apply the burden-shifting framework we've described above. *See Batson*, 897 F.3d at 1328–29. Under that framework, a plaintiff must first establish a *prima facie* case of retaliation. *Id.* at 1329. To do so under the ADA, the plaintiff may show that (1) he engaged in a statutorily protected expression, (2) he suffered an adverse action, and (3) there was a causal connection between the two. *See id.*

To establish the first element, "it is sufficient that an employee have a good faith, objectively reasonable belief that his

activity is protected by the [ADA]." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co.*, 548 U.S. 53 (2006). An employee participates in a protected activity when he makes "a request for a reasonable accommodation." *Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016).

If a plaintiff makes out *a prima facie* case under the burden-shifting framework, the employer must articulate a nondiscriminatory reason for the adverse action. *Batson,* 897 F.3d at 1329. If it does so, the employee must demonstrate that the employer's proffered reason was pretextual by presenting evidence sufficient to "permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse . . . decision." *Id.* (quotations omitted). "A reason is not pretext for retaliation unless it is shown both that the reason was false, and that retaliation was the real reason." *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1136 (11th Cir. 2020) (quotations, emphases and brackets omitted).

Here, the district court properly found that Belgrave failed to make out a prima facie case of retaliation. First, Belgrave failed to show that he engaged in a statutorily protected activity. He essentially argued that Publix retaliated against him after he made a report to HR concerning his treatment at work following his injury, which included his request for a permanent helper. However, as we've explained, Belgrave did not show that his accommodation

request was reasonable, so he did not establish that he'd engaged in a protected activity. *See Frazier-White*, 818 F.3d at 1258.

Nor did Belgrave establish causation or pretext. Even if Publix fired him shortly after his last head injury, it identified legitimate, non-retaliatory reasons for doing so, which included a history of discipline for tardiness, poor job performance and insubordination. Belgrave did not refute those reasons "head on" or show that they were false and that the true motive was retaliatory. *See Chapman*, 229 F.3d at 1030. Nor is there support for his claim that Publix fired him only because he did not promptly fill out an acknowledgment form that he was supposed to submit after missing a safety meeting. Rather, the undisputed record indicates that Belgrave had a history of disciplinary issues, aside from this one form. Thus, even if Belgrave had engaged in protected conduct, he did not demonstrate the necessary level of causation or pretext.

**AFFIRMED**.